United States District Court
Southern District of Texas
**ENTERED**
July 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORDAN DANIEL ZAPON-ROSALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-4121 |
| | § | |
| GABRIEL MARTINEZ, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Jordan Daniel Zapon-Rosales ("Petitioner"), a citizen of Guatemala, entered the United States without inspection on June 22, 2013.[1] On June 23, 2013, Petitioner was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[2] That same day Petitioner was taken to a juvenile shelter.[3] On August 1, 2013, Petitioner was released on his own recognizance to his sister.[4] On September 4, 2014, Petitioner was

---

[1]Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 4, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 4-1, p. 1.

[3]Respondents' MSJ, Docket Entry No. 4, p. 2.

[4]Id.

ordered removed in absentia.[5]  On May 6, 2026, Petitioner presented himself to the United States Citizenship and Immigration Services Houston office and was taken into Immigration and Customs Enforcement custody.[6]  On May 19, 2026, Petitioner filed a motion to reopen the removal order, which placed an automatic stay on removal.[7]  Petitioner's motion to reopen the removal order was granted on May 21, 2026.[8]  His proceedings are ongoing and Petitioner remains in immigration custody.[9]

Pending before the court is Petitioner's Petition for Writ of Habeas Corpus ("Habeas Petition") (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates due process.[10]  Petitioner also argues that he is entitled to relief under Bautista v. Santacruz, Case No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).[11]  Also pending before the

---

[5]Id.

[6]Id.

[7]Id.

[8]Id.

[9]Id.

[10]Habeas Petition, Docket Entry No. 1, p. 9 ¶¶ 27-28.

[11]Id.  The Central District of California issued three orders in its decision to vacate the Department of Homeland Security's interpretation and application of § 1225(b)(2) on a class-wide basis.  Bautista v. Santacruz, Case No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025) (granting partial summary judgment in favor of the Petitioners); Bautista v. Santacruz, Case No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, (continued...)

court is Respondents' Motion for Summary Judgment (Docket Entry No. 4).    Respondents    argue    that    Petitioner's    detention    under    §  1225(b)(2) does not violate due process because he is an applicant for admission.[12]  Petitioner has filed a reply.[13]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).   Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).  The court declines to enforce the Central District of California's holding in Bautista, as it does not control in light of the Fifth Circuit's holding in Buenrostro.[14]

---

[11](...continued)
2025) (class certification);  Bautista v. Santacruz, Case No. 5:25-CV-01873-SSS-BFM,  2025  WL  3713987  (C.D.  Cal.  Dec.  18,  2025) (vacating the DHS' policy under the APA).

[12]Respondents' MSJ, Docket Entry No. 4, pp. 1-2.

[13]Response  to  Respondents'  Response  to  Petition  for  Habeas Corpus  and  Motion  for  Summary  Judgment,  Docket  Entry  No.  5. Petitioner  argues  in  his  reply  that  he  is  entitled  to  a  bond hearing based on the Fifth Circuit's recent opinion in Rodriguez v. Ortega, No. 26-50183, 2026 WL 1906557 (5th Cir. Jul. 2, 2026). Id. at 2-4.  However, that opinion has been vacated.  Rodriguez v. Ortega, No. 26-50183, 2026 WL 2014647 (5th Cir. Jul. 10, 2026).

[14]Other district courts have found that they are not bound by Bautista because the Central District of California lacked the authority to issue the opinion.  See, e.g., Calderon Lopez v. Lyons, No. 1:25-CV-226-H, 2025 WL 3683918, at *14 (N.D. Tex. Dec. 19, 2025) (holding that the Central District lacked authority to issue the orders in Bautista because the orders are advisory and because the orders "violate the INA's limits on judicial review"); Jandres-Ordonez v. Bondi, No. 6:25-CV-084-H, 2026 WL 274493, at *1 (N.D. Tex. Jan. 23, 2026) (same).

Petitioner's mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 4) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 20th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-4-